UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES JACKSON,

                    Plaintiff,                     Case No. 1:12-cv-1104

v.                                          Honorable Gordon J. Quist

UNKNOWN WISE et al.,

                    Defendants.

_____/

**<u>OPINION</u>**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 that originally was filed in the Eastern District of Michigan.  The Eastern District transferred Plaintiff's action to this Court on October 5, 2012.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint on immunity grounds and/or for failure to state a claim against Defendants McKee, Hienz, Snyder, Calley, Schuette and the Michigan State Police.  The Court will serve the complaint against Defendants Wise, Burton, Weston, Ball, Mote, Hadden, Trieweller and Bennickson.

**Discussion**

I.      Factual allegations

Plaintiff presently is incarcerated at the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Daniel Hienz[1], Michigan Governor Rick Snyder, Michigan Lieutenant Governor Brian Calley, Michigan Attorney General Bill Schuette, the Michigan State Police and the following IBC employees: Lieutenant Unknown Wise, Officers Unknown Burton, Unknown Weston and Unknown Ball, Warden Ken McKee, Resident Unit Manager Unknown Mote, Assistant Resident Unit Supervisor Unknown Hadden, Assistant Deputy Warden Unknown Trieweller and Sergeant Unknown Bennickson.

On September 24, 2012, "officers," Sergeant Bennickson and Lieutenant Wise administered tear gas into Plaintiff's unit because certain prisoners would not return their meal trays. (Compl., docket #1, Page ID#4.) Before releasing the tear gas, Plaintiff and other prisoners yelled to the officers that Plaintiff had asthma and could not tolerate tear gas. The "officers," Sergeant Bennickson and Lieutenant Wise told the prisoners to "shut up." (*Id.*) Because of the tear gas, Plaintiff had an immediate asthma attack and passed out. Other prisoners found Plaintiff shaking and twitching on the floor. They hit the panic button. Fifteen to twenty minutes later, the "officers" responded. Plaintiff claims that he was denied medical care by a nurse but failed to list the nurse as a Defendant in this action. (*Id.*)

Before the incident, Plaintiff sent letters to the Michigan State Police and the Michigan Governor's office about his condition. Plaintiff argues that their failure to respond and investigate the incident resulted in gross negligence.

---

[1]Plaintiff refers to the MDOC Director as Daniel Hienz. The Court notes that the correct spelling of Defendant's last name is Heyns.

In summary, Plaintiff argues that Defendants Wise, Burton, Weston, Ball, McKee, Mote, Hadden, Trieweller, Bennickson, and the Michigan State Police violated his Eighth Amendment rights and the Michigan statute governing vulnerable adult abuse, MICH. COMP. LAWS § 750.145n.   Plaintiff also alleges that Defendants Hienz, Snyder, Calley, Schuette and the Michigan State Police engaged in gross negligence and the obstruction of justice by ignoring and concealing the atrocities against Plaintiff.  Plaintiff finally requests that Attorney General Schuette prosecute the other Defendants.

For relief, Plaintiff requests monetary damages.

II.     Immunity

    A.     **Michigan State Police**

Plaintiff may not maintain a § 1983 action against the Michigan State Police. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  Accordingly, the Michigan State Police is entitled to Eleventh Amendment immunity.  *See Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999).  In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages.  *Id.; see also Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will*

-3-

*v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, the Michigan State Police will be dismissed from this action.

B.  **Attorney General Schuette**

Attorney General Schuette is absolutely immune for his decision not to pursue a criminal action against the other Defendants.   The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity.  *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998).  Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate.   *Kalina*, 522 U.S. at 130;   *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989).  The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497.  Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137.  In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process.  *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997).  Obviously, deciding not to prosecute the other Defendants for tear gassing Plaintiff's unit is part of the prosecutor's role as advocate.  *See Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("The decision on whether or not to prosecute is unquestionably advocacy and is at the heart of the *Imbler* holding."); *Ireland*, 113 F.3d at 1446 (the immunity extends to a prosecutor's decision

-4-

on whether or not to prosecute a case).   Accordingly, Attorney General Schuette is entitled to immunity.

III.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   **Insufficient Allegations**

Plaintiff does not allege any factual allegations against Warden McKee and MDOC Director Hienz. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants McKee and Hienz.

-6-

Defendants McKee and Hienz also cannot be held liable under § 1983 by virtue of their supervisory positions.  Moreover, Michigan Governor Snyder and Michigan Lieutenant Governor Calley cannot be held liable for failing to respond to or investigate Plaintiff's complaint. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendants McKee, Hienz, Snyder and Calley engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against them.

B.  **Service**

The Court finds that Plaintiff's Eighth Amendment claims against Defendants Wise, Burton, Weston, Ball, Mote, Hadden, Trieweller and Bennickson are sufficient to warrant service of the complaint.

C.  **State Law**

-7-

Plaintiff complains that Defendants Wise, Burton, Weston, Ball, McKee, Mote, Hadden, Trieweller, Bennickson and the Michigan State Police violated MICH. COMP. LAWS § 750.145n, which governs vulnerable adult abuse.  Plaintiff also alleges that Defendants Hienz, Snyder, Calley, Schuette and the Michigan State Police engaged in gross negligence and the obstruction of justice by ignoring and concealing the atrocities against Plaintiff.

Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's challenge to state law therefore fails to state a claim under § 1983.  Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over the state-law claims against Defendants McKee, Hienz, Snyder, Calley, Schuette and the Michigan State Police, the Court declines to exercise jurisdiction.  In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id*.  Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866-67 (2009), *cited in Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 2012 WL 539373, at *6 (6th Cir. 2012).  Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction.  Accordingly, Plaintiff's state-law claims against Defendants McKee, Hienz, Snyder, Calley, Schuette and the Michigan State Police will be dismissed without prejudice.

**Conclusion**

-8-

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants McKee, Hienz, Snyder, Calley, Schuette and the Michigan State Police will be dismissed on immunity grounds and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Wise, Burton, Weston, Ball, Mote, Hadden, Trieweller and Bennickson.

An Order consistent with this Opinion will be entered.

Dated:  November 15, 2012                              /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE