UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES JACKSON,

        Plaintiff,                            Hon. Gordon J. Quist

v.                                            Case No. 1:12-cv-1104

UNKNOWN WISE, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #41). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions, the undersigned recommends that Defendants' motion for summary judgment be **granted**, Plaintiff's claims against the yet unserved Defendant be **dismissed without prejudice**, and this matter **terminated**.


## BACKGROUND

Plaintiff is incarcerated at the Bellamy Creek Correctional Facility (IBC). Plaintiff initiated this matter on October 1, 2012, against Michigan Governor Rick Snyder; Michigan Lieutenant Governor Brian Calley; Michigan Attorney General Bill Schuette; MDOC Director Daniel Heyns; the Michigan State Police; and the following IBC employees: Lieutenant Wise; Officer Burton; Officer Weston; Officer Ball; Warden McKee; RUM Mote; ARUS Hadden; ADW Trieweller; and Sergeant Bennickson.

The following allegations are contained in Plaintiff complaint. (Dkt. #1). On September 24, 2012, a group of prisoners in Plaintiff's housing unit withheld their meal trays in protest of their treatment by prison officials. In response, Defendants Bennickson and Wise prepared to administer tear gas within the housing unit. Plaintiff informed Bennickson and Wise that "he has asthma and cannot tolerate tear gas." Plaintiff requested that he receive protective measures before tear gas was administered. Bennickson and Wise ignored Plaintiff's request and instead told Plaintiff to "shut up." Tear gas was thereafter administered causing Plaintiff to experience an asthma attack. Plaintiff passed out after which he was denied medical treatment.

Plaintiff's claims against Defendants Snyder, Calley, Schuette, Heyns, and the Michigan State Police were previously dismissed. Service has yet to be effected on Defendant Weston. Defendants Wise, Burton, Ball, McKee, Mote, Hadden, Trieweller, and Bennickson now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not

change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter*

*v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state

court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

In support of their motion for summary judgment, Defendants have submitted evidence that during the relevant time period Plaintiff has pursued only one grievance through all three steps of the grievance process. (Dkt. #42, Exhibit 2). A review of this grievance reveals that it does not concern the matters giving rise to the present action, but instead concern Plaintiff's allegation that his therapist improperly revealed confidential information related to his treatment. (Dkt. #42, Exhibit 2). Plaintiff

has submitted certain items of evidence in opposition to Defendants' motion none of which, however, advance his position.

Plaintiff has submitted evidence concerning three additional grievances that he pursued: (1) IBC-13-01-0005-17z; (2) IBC-13-01-0113-28e; and (3) IBC-13-02-0495-28e. (Dkt. #44, Exhibit 2; Dkt. #45, Exhibit 1; Dkt. #46). Grievance IBC-13-01-0005-17z concerns an incident that occurred on December 23, 2012. (Dkt. #45, Exhibit 1). The incident giving rise to the present action occurred on September 24, 2012. Thus, this grievance fails to create an issue of fact as to whether Plaintiff properly exhausted the claims asserted herein.

While grievance IBC-13-01-0113-28e appears to concern the events giving rise to this action, it nevertheless fails to advance Plaintiff's cause. First, as the evidence submitted by Plaintiff reveals, this particular grievance was rejected because it was not timely filed. (Dkt. #44, Exhibit 2 at 3 of 16). Furthermore, Plaintiff has failed to include a copy of his Step I grievance or submit other evidence indicating the nature of his Step I grievance or the individuals against whom such was asserted. (Dkt. #44, Exhibit 2; Dkt. #45, Exhibit 1). Thus, Plaintiff has failed to create an issue of fact as to whether he properly exhausted the claims in question.

Grievance IBC-13-02-0495-28e likewise appears to concern the events giving rise to this action. However, this grievance was also rejected because it was not timely filed. (Dkt. #46). Plaintiff has also failed to include a copy of his Step I grievance or submit other evidence indicating the nature of his Step I grievance or the individuals against whom such was asserted. (Dkt. #46). Plaintiff has failed, therefore, to create an issue of fact as to whether he properly exhausted the claims in question.

Plaintiff has also submitted an affidavit in support of his position. (Dkt. #44, Exhibit 2 at 15 of 16). In his affidavit, Plaintiff asserts that he attempted to properly exhaust the claims in

question, but did not timely receive responses thereto. According to MDOC policy, prisoners can proceed to the next step of the grievance process if prison officials fail to timely respond to a grievance. *See* Michigan Department of Corrections, Policy Directive 03.02.130 ¶¶ BB, FF (effective July 9, 2007). Thus, the alleged failure by prison officials to timely respond to Plaintiff's grievances does not absolve Plaintiff of the obligation to properly exhaust his claims (i.e., pursue his allegations through all three steps of the prison grievance process) prior to initiating legal action in this Court. Finally, Plaintiff makes several vague allegations regarding his alleged attempts to properly exhaust certain matters, but fails to indicate the issues he attempted to exhaust or the individuals against whom such were asserted. (Dkt. #44). In sum, Plaintiff has failed to demonstrate the existence of a genuine issue of material fact with respect to whether he has properly exhausted the claims in question. The Court concludes, therefore, that Defendants Wise, Burton, Ball, McKee, Mote, Hadden, Trieweller, and Bennickson have satisfied their burden to demonstrate that Plaintiff has failed to properly exhaust his administrative remedies with respect to the claims against them. Accordingly, the undersigned recommends that Plaintiff's claims against Defendants Wise, Burton, Ball, McKee, Mote, Hadden, Trieweller, and Bennickson be dismissed.

**II.  Defendant Weston**

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made

within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff initiated this action on October 1, 2012. On November 15, 2012, the Court dismissed many of Plaintiff's claims, but concluded that Plaintiff's complaint be served on several individuals including Defendant Weston. The United States Marshal subsequently attempted to effect service on Defendant Weston. An attempt was made to effect service on Defendant Weston, but the summons and waiver of service were returned unexecuted on February 21, 2013. In the ten months since, Plaintiff has neither requested assistance effecting service on Defendant Weston nor an extension of time to effect service on him. Considering Plaintiff's lack of diligence, the Court recommends that Plaintiff's claims against Defendant Weston be dismissed without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (Dkt. #41), be **granted**; that Plaintiff's claims against Defendant Weston be **dismissed without prejudice** for failure to timely effect service; and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                             Respectfully submitted,

Date: January 8, 2014                                                   /s/ Ellen S. Carmody
                                                                                  ELLEN S. CARMODY
                                                                                  United States Magistrate Judge