UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES JACKSON,

    Plaintiff,

v.

UNKNOWN WISE, et al.,

    Defendants.
_____/

Case No. 1:12-CV-1104

HON. GORDON J. QUIST

# MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, James Jackson, has filed Objections to Magistrate Judge Ellen Carmody's January 8, 2014 Report and Recommendation (R & R) (dkt. # 49). In that R&R, the magistrate judge recommends that the Court grant Defendants' motion for summary judgment on Plaintiff's claims related to allegations that he was subjected to tear gas and denied appropriate medical treatment thereafter. The magistrate judge further recommends that the Court dismiss claims against Defendant Weston, who has not yet been served.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, the Court will adopt the R & R and overrule Plaintiff's Objections.

*Administrative Exhaustion*

Plaintiff's allegations relate to an incident that occurred on September 24, 2012, in which

he was exposed to tear gas. Plaintiff objects to the magistrate judge's conclusion that he failed to exhaust his administrative remedies, arguing that he was unable to file a grievance within the required time period due to injuries arising from the incident. He suggests that he filed two grievances as soon as he regained his strength, but that they were ignored based on the grievance policy that strictly enforces filing deadlines.

As the magistrate judge pointed out, Plaintiff failed to file a copy of any Step I grievance related to the incident. Thus, it is impossible to determine exactly when Plaintiff filed these grievances or what they said. From the documents that Plaintiff filed, however, it appears that he did not file a Step I grievance until months after the incident. (*See* Dkt. # 44, Ex. 2 at 3; Dkt. # 48 at 4.) Although he asserts that he was sick for days after the incident, he has failed to explain why he waited much longer to file a grievance. Moreover, contrary to Plaintiff's argument, the grievance policy specifically provides that an untimely grievance "shall not be rejected if there is a valid reason for the delay." (Dkt. #41, Ex. 1 at 2.) Because Plaintiff has not provided his Step I grievances, the Court cannot determine whether he asserted grounds for delay.

Plaintiff has failed to provide evidence of his Step I grievances, including the nature of those grievances and the individuals named in them. There is no evidence demonstrating when the Step I grievances were filed, or whether they included an explanation for being untimely. Plaintiff has further failed to explain why he apparently failed to file the grievances as soon as practicable after the incident. Accordingly, Plaintiff has not effectively refuted Defendants' argument that Plaintiff failed to exhaust his administrative remedies.

### *Failure to Effect Service*

Federal Rule of Civil Procedure 4(m) provides that a court may dismiss a defendant who is not served within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If, however, the

plaintiff shows "good cause" for the failure to effect service, the court must extend the time for service. *Id.*

Plaintiff filed a complaint in this action on October 1, 2012. The United States Marshal Service attempted to effect service on Defendant Weston, but the summons and waiver of service were returned unexecuted on February 21, 2013. Because Plaintiff has done nothing to effect service since that time, the magistrate judge recommends that Defendant Weston be dismissed.

Plaintiff objects to this recommendation, arguing that the Court has the burden of effecting service for plaintiffs that proceed *in forma pauperis*, and that such plaintiffs bear no responsibility for service. A plaintiff that proceeds *in forma pauperis* is entitled to rely on the United States Marshal to complete service of process. *See* 28 U.S.C. § 1915. If the Marshal "utterly fail[s]" to accomplish its duty to serve process, that constitutes a showing of good cause under Fed. R. Civ. P. 4(m). *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996). However, the Marshal's failure to effect service does not automatically establish good cause because "the behavior of a prisoner proceeding *in forma pauperis* is relevant to whether good cause exists." *Freeman v. Collins*, No. 2:08-cv-71, 2001 WL 4914873, at *3 (S.D. Ohio Aug. 15, 2011). " In particular, a plaintiff who, with knowledge that service has not been timely accomplished or is defective cannot claim good cause if he has done nothing to effectuate service." *McMurry v. Caruso*, No. 1:10-CV-1206, 2013 WL 2422594, at *2 (W.D. Mich. June 3, 2013).

The summons for Defendant Weston was returned unexecuted over 11 months ago. Since that time, Plaintiff has done nothing to effect service — he has not requested assistance nor asked for an extension of time. Under the circumstances, Plaintiff has not demonstrated good cause requiring an extension of time.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued January 8, 2013 (dkt. # 49 ) is **ADOPTED** as the Opinion of the Court and Plaintiff's Objections (dkt. # 50) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (dkt. # 41) is **GRANTED**, and Plaintiff's claims against Defendants Wise, Bennickson, Burton, Ball, Mote, Hadden, and Trierweiler are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's claims against Defendant Weston are **DISMISSED WITHOUT PREJUDICE** for failure to effect service.  The Court concludes that an appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate judgment will enter.

This case is **concluded**.


Dated:  January 28, 2014                             /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE